**JOHNSTON LAW FIRM LLC**
Thomas O. Johnston, Esq. (Id: 040061998)
151 Forest Street. Suite A
Montclair, NJ 07042
(Tel) 973-447-4610
Attorneys for Plaintiff,
Hatikvah International Academy Charter School, Inc,

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HATIKVAH INTERNATIONAL ACADEMY CHARTER SCHOOL, INC.<br>     Plaintiff (Respondent Below),<br><br>v.<br><br>EAST BRUNSWICK TOWNSHIP BOARD OF EDUCATION (Petitioner Below) and A.K. and R.K. on behalf of H.K. (Respondents Below), a minor<br><br>     Defendants. | ON APPEAL FROM AN ORDER BY SUSAN L. OLGIATI, A.L.J.<br><br>Civil Action No.<br><br>**COMPLAINT** |

Plaintiff, Hatikvah International Charter School, Inc. ("Hatikvah"), by its undersigned attorneys, alleges as follows:

### INTRODUCTION

1. This appeal concerns the pendency rights of parties in a dispute over a disabled child's education program under the Individuals With Disabilities Education Act ("IDEA"). Appellant Hatikvah International Academy Charter School ("Hatikvah") appeals the placing of fiscal responsibility on it for the child's private school placement on a pendency basis, in violation of the governing State statute. By decision dated February 6, 2020, Hon. Susan L. Olgiati, A.L.J.

(the "ALJ") crafted below, a reimbursement system wherein Hatikvah pays for "stay put" costs during the pendency of an IDEA due process hearing ("Stay Put Decision").

2. The hearing has concluded after three days and four witnesses' testimony, with the ALJ finding that the challenging resident district, East Brunswick Board of Education ("East Brunswick"), presented to the ALJ, multiple times, false sworn testimony about East Brunswick's program available to H.K.  Hatikvah and H.K.'s parents prevailed.

3. Although the ALJ designed in her Stay Put Decision, without legal basis, a reimbursement system wherein Hatikvah would be made whole should East Brunswick not prevail at the hearing, the ALJ denied such a reimbursement and divested herself of jurisdiction over this matter after she issued her final decision.[1]

4. East Brunswick has avoided its statutory responsibilities to pay for H.K.'s placement at the Laurel School for the 20 months since it filed its challenge, premised on sworn facts we now know to have been falsely presented.

**JURISDICTION**

5. This Court has jurisdiction to hear and determine this action pursuant to 28 U.S.C. § 1331 as it involves a question of Federal law.  Specifically, jurisdiction is conferred over Plaintiff's appeal from an Order Granting Emergency Relief by Susan L. Olgiati, A.L.J., an Administrative Law Judge ("ALJ") pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §1400 *et seq.* and 20 U.S.C. §1415(i)(2)(A).

---

[1] Counsel for East Brunswick and Hatikvah are engaged in discussions about East Brunswick fully reimbursing Hatikvah.

6. This Court has personal jurisdiction over Defendants as they are residents of New Jersey.

## VENUE

7. Venue is conferred upon this Court pursuant to 28 U.S.C. § 1391 (a) and (b), as all parties hereto reside within this Judicial District, and all facts and circumstances giving rise to the claim occurred within the jurisdictional boundaries of this District.

## PARTIES

8. Hatikvah is duly organized as a public charter school and a local education agency ("LEA") under the laws of the State of New Jersey and the IDEA. Its administrative offices are located at 7 Lexington Avenue, East Brunswick, New Jersey 08816.

9. Defendant East Brunswick Township Board of Education ("Defendant" or "East Brunswick") is a public school board which operates a public school district within the State of New Jersey and receives federal funds in connection with its obligation to educate students with disabilities pursuant to 20 U.S.C. § 1400 et seq.

10. A.K. and R.K. are parents to H.K., a minor, who reside in East Brunswick. They are named herein as indispensable parties.

## STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY

11. In or about September 2018, H.K.'s parents unilaterally placed him at the Laurel School, a private school. On September 20, 2018, Hatikvah convened an IEP meeting. Hatikvah proposed a placement for H.K.'s program in "a private state-approved school for students with language-based learning disabilities, namely the Bridge Academy School . . ." in Lawrenceville, New Jersey. Hatikvah served the East Brunswick representatives a copy of the Bridge Academy

IEP at the meeting. That IEP would "result in a private day or residential placement" as described in *N.J.S.A.* 18A:36A-11(b).

12. By letter dated September 27, 2018, H.K.'s parents filed a due process matter challenging the Bridge Academy IEP and seeking reimbursement from Hatikvah for Laurel School costs, among other remedies. H.K.'s parents also named East Brunswick as respondent.

13. On October 28, 2019, H.K.'s parents and Hatikvah reached a settlement on the record before Hon. Jeffrey N. Rabin, A.L.J. The settlement called for H.K.'s IEP placement location to change to the Laurel School. ALJ Rabin approved the placement at the Laurel School.

14. *N.J.S.A.* 18A:36-11(b) provides that a district of residence, such as East Brunswick, is fiscally responsible for a charter school student's private school costs.

15. On November 27, 2019, East Brunswick filed a petition for due process before the New Jersey Department of Education Office of Special Education Programs to challenge the placement at the Laurel School under *N.J.S.A.* 18A:36A-11(b). On January 21, 2020, H.K.'s parents filed an emergent motion seeking an order to compel East Brunswick or Hatikvah to pay for the Laurel School costs on a pendency basis. The matter was assigned to the ALJ.

16. The ALJ issued the Stay Put decision on the emergent motion on February 6, 2020. She ordered that Hatikvah pay for the Laurel School tuition costs during the pendency of this matter. She cited no legal authorities which require a charter school to pay for pendency costs at a disputed private school. She further ordered that East Brunswick transport H.K. to and from the Laurel School, but that East Brunswick bill Hatikvah for those costs on a pendency basis. She cited to no authorities which support such a reimbursement system. Lastly, she stated in the Order that Hatikvah "may seek" reimbursement from East Brunswick if East Brunswick is

unsuccessful in the underlying due process matter. She cited to no legal authorities to support such a right to reimbursement, nor did she affirm any right at all for Hatikvah to receive reimbursement; instead, merely to "seek" reimbursement. The Stay Put Decision stated that it "shall remain in effect until issuance of the decision on the merits in the matter."

17. On March 4, 2020, Hatikvah appealed the Stay Put Decision in the matter captioned *Hatikvah International Academy Charter School v. East Brunswick Twp Board of Education, et al.*, bearing docket number 20-2382. On May 12, 2020, the District Court granted in part and denied in part, Hatikvah's application for injunctive relief. Hatikvah appealed to the Third Circuit Court of Appeals.

18. On April 12, 2021, the Third Circuit Court of Appeals heard oral argument on the appeal.

19. As to the underlying due process hearing, on June 4, 2021, the ALJ issued a "Final Decision on Motion for Involuntary Dismissal." By then, three days of testimony had occurred, given by four witnesses called by East Brunswick during its case-in-chief.

20. The ALJ found that a witness for East Brunswick, Nicole McNamara, East Brunswick's Supervisor of Special Education, swore in an affidavit months prior to multiple facts which were false. Ms. McNamara swore that she was not contacted by anyone at Hatikvah before H.K.'s private school placement for information regarding East Brunswick's special education programs for H.K. and that no Hatikvah representative reviewed programs available for H.K. in East Brunswick.

21. Ms. McNamara's statements were used to ward off a finding of summary decision following Hatikvah's motion filed on July 17, 2020. "[T]he affidavit of McNamara, upon which

[East Brunswick] relied at the summary decision stage and continued to rely at hearing was largely discredited." (*See* Final Decision at p. 12.) Ms. McNamara repeated the false assertions during her direct testimony at the hearing.

22. The ALJ found: "Having had the opportunity to listen to the testimony of the witnesses and to observe their demeanor, I do not accept the testimony of McNamara as reasonable or reliable. Her testimony was internally inconsistent and often confusing, it was also inconsistent with the testimony of [East Brunswick Special Education teacher] Fabiano. Therefore, I do not accept McNamara's testimony as credible." (*See* Final Decision at p. 10.)

23. The ALJ found that the program offered by East Brunswick is materially different than the one selected by H.K.'s IEP team. In East Brunswick, H.K. would not receive instruction by an "Orton-Gillingham" instructor throughout the day, would have a 1:1 aide shadow him, in a larger class than his current program, with peers who are cognitively dissimilar.

24. The ALJ ordered that "East Brunswick is responsible for the cost of H.K.'s placement at the Laurel School determined by the October 28, 2019 IEP." (*See* Final Decision at p. 13.) The ALJ did not decide Hatikvah's request for reimbursement. Per the Stay Put Decision, the Final Decision superseded the Stay Put Decision.

25. On June 9, 2021, Hatikvah's counsel requested by letter that the ALJ grant Hatikvah's request in its motion that the ALJ "issue an order that East Brunswick Board of Education reimburse Hatikvah International Academy Charter School for all Laurel School related stay put costs incurred to date, within seven days." On June 9, 2021, the ALJ's assistant contacted counsel and stated that the matter "concluded" and that the ALJ "transmitted back" the matter

to the New Jersey Department of Education, and that the ALJ "no longer retains jurisdiction" of the matter.

26. East Brunswick has not reimbursed Hatikvah for its pendency costs paid to Laurel School.

27. On August 19, 2021, the Third Circuit Court of Appeals issued its decision, reversing the District Court's order with respect to H.K. tuition costs and remanding for further proceedings. Such decision compels East Brunswick to fully reimburse Hatikvah.

### FIRST COUNT

28. Hatikvah repeats the foregoing allegations as if set forth at length herein.

29. The ALJ rested her Stay Put Decision, placing pendency costs on Hatikvah, on the ability of Hatikvah to "seek" reimbursement if it prevailed in the due process hearing.

30. Yet, when the ALJ decided the hearing, entirely against East Brunswick, she refused to consider Hatikvah's request for reimbursement for pendency costs paid to Laurel School, even though the reimbursement system is one she designed in the Stay Put Decision. Per the Stay Put Decision, it was superseded by the Final Decision. The ALJ's refusal to order reimbursement was arbitrary, without legal basis and erroneous.

WHEREFORE, Plaintiff requests that this Court:

A. Issue an Order requiring East Brunswick to reimburse costs incurred by Hatikvah to fund H.K.'s placement at the Laurel School.

B. Award attorney's fees to Hatikvah; and

C. Issue an Order enjoining East Brunswick from further disregarding its stay put obligations to be the fiscally responsible party during the pendency of any proceedings brought under *N.J.S.A.* 18A:36A-11(b); and

D. Issue an Order entering sanctions against East Brunswick for its conduct in the proceedings below; and

E. Grant such other relief as this Court deems just and proper.

Respectfully submitted,

JOHNSTON LAW FIRM LLC
Attorneys for Plaintiff
Hatikvah International Academy Charter School, Inc.

By: _____
Thomas O. Johnston

August 31, 2021

## CERTIFICATION

I hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding, other than the concluded due process matter in this matter below, and the proceedings remanded by the Third Circuit Court of Appeals, captioned *Hatikvah International Academy v. East Brunswick Township Board, et al*, bearing docket number 20-2083.

By: _____
Thomas O. Johnston

DATED: August 31, 2021