UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HATIKVAH INTERNATIONAL ACADEMY CHARTER SCHOOL, INC., <br><br>Plaintiffs, <br><br>v. <br><br>EAST BRUNSWICK TOWNSHIP OBARD OF EUDCATION (Petitioner Below) and A.K. and R.K. o/b/o H.K. (Respondents Below), a minor <br><br>Defendants. | Civil Action No. 3:21-16324 <br><br><br>**ANSWER AND CROSS CLAIM AS TO EAST BRUNSWICK TWP. BD. OF ED. PURSUANT TO 20 U.S.C. § 1415(i)(2)** |

### **CERTIFIED ANSWER TO VERIFIED COMPLAINT**

COME NOW Defendants A.K. and R.K. (collectively "Defendants"), on behalf of their minor child H.K. ("H.K."), by and through their counsel identified below, and submit this Answer to Plaintiff Hatikvah International Academy Charter School, Inc.'s, ("Plaintiff" or "Board") Verified Complaint and state as follows:

### **INTRODUCTION**

1. Admitted. It also involves the parents rights to receive the educational services their disabled child, H.K., is entitled to receive pursuant to an IEp that was *belatedly* challenged by the East Brunswick School District when both the Hatikvah International Academy Charter School, Inc., and the parents were named as Respondents.

2. Admitted.

1

3. Admitted, however, the parents of H.K. have also requested reimbursement for legal fees, costs, expert fees, any and all costs/fees allowable in defending their child, H.K.'s, right to receive a Free Appropriate Public Education ("FAPE") per the IEP drafted by Hatikvah International Academy Charter School, Inc., that was challenged by East Brunswick School District, and, with East Brunswick School District suggesting *in lieu*, an <u>in</u>appropriate program and placement that was <u>not</u> clearly delineated <u>nor</u> offered, and, to date, have <u>not</u> yet been reimbursed.

4. Admitted as well as having caused the parents to defend their child's right to continue at his IEP driven placement at the <u>accredited</u> Laurel School.

## JURISDICTION

5. Jurisdiction is undisputed and with regard to the parents claim for fees/costs as a prevailing party is conferred by the Individuals with Disabilities Education Act ("IDEA").

6. Jurisdiction is undisputed.

## VENUE

7. Venue is undisputed.

## PARTIES

8. Admitted

9. Admitted.

10. Admitted, however, A.K. & R.K., on behalf of H.K., a minor, are also seeking legal fees, costs, expert fees, any and all other costs/fees.

## STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted that, *in part*, seeking the following relief a declaration that the IEP (dated October 28, 2019) placing H.K. at the accredited Laurel School, was not appropriate, and, *instead*, having H.K. attend an (**in**appropriate) in-district program-placement.

16. Admitted.

17. Admitted.

18. Admitted that the parents filed an Emergent Relief Application that was **GRANTED**, thus, the parents prevailed on the Emergent Relief Application.

19. Admitted

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted.

24. Admitted.

25. Admitted.

26. Admitted. Moreover, the parents herein have not been reimbursed legal fees, costs, expert fees, any and all other costs/fees in defending the <u>accredited</u> Laurel School placement <u>despite</u> several requests of Defendant, East Brunswick School District.

27. Admitted.

## FIRST COUNT

28. Admitted.

29. Admitted.

30. Admitted.

**WHEREFORE,** Defendants respectfully request this Court award Defendants fees, costs, and any and all other relief deemed appropriate and just.

## CROSS-CLAIM – VERIFIED COMPLAINT
## AS TO EAST BRUNSWICK TOWNSHIP BOARD OF EDUCATION

Defendants/Plaintiffs, A.K. & R.K., on behalf of H.K., a minor child, residing in East Brunswick, New Jersey (address redacted for privacy), by way of a Cross-Complaint against Defendant East Brunswick Township Board of Education, with business offices located at 760 Rt. 18, East Brunswick, New Jersey 08816 and Defendant Hatikvah International Academy Charter School, Inc., with business offices located at 7 Lexington Avenue, East Brunswick, New Jersey 08816.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiffs' claims arise under the Constitution and laws of the United States, in particular, the Individuals with Disabilities Education Improvement Act ("IDEIA"), 20 U.S.C. § 1400 et. seq.; 20 U.S.C. § 1415(i)(3), which provides jurisdiction over claims for attorneys' fees and costs in matters arising under the IDEA; 42 U.S.C. § 1983, and 28 U.S.C. §§ 2201 and 2202, which authorize this Court to grant declaratory and injunctive relief.

2. Venue in this district is appropriate under 28 U.S.C. § 1391(b) because all of the Defendants reside in the district and all the events or omissions giving rise to Plaintiff's claims occurred within the district.

## PARTIES

3. Plaintiff, H.K., a minor child student, who at all times relevant has been a resident of and domiciled within the geographical area served by the Defendants and H.K. has been determined by both Defendants to be Eligible for Special Education and Related Services pursuant to the IDEIA.

4. Plaintiffs, A.K. & R.K. are the parents and Guardians Ad Litem of Plaintiff, H.K.

5. Defendant, East Brunswick Township Board of Education ("Defendant"), is the legally constituted body corporate responsible for the conduct and supervision of schools in the East Brunswick Township School District pursuant to the N.J.S.A. 18A:10-1 et. seq., and is a local education agency obligated to observe the requirement of the IDEIA pursuant to 20 U.S.C. § 1401(15).

6. Defendant, Hatikvah International Academy Charter School, Inc., is duly organized as a public charter school and a local education agency ("LEA") under the laws of the State of New Jersey and the IDEA.

## COUNT ONE

7. All agree that H.K. has disabilities which significantly interfere with his learning.

8. The parents consistently requested of the Defendants to provide their child with a Free Appropriate Public Education ("FAPE"), to no avail.

9. The parents consistently requested of the Defendants they provide their child with (including, but not limited to) a truly individualized program/placement with the appropriate supports and modifications, to no avail.

10. In approximately September 2018, the parents of H.K. unilaterally placed H.K. at the <u>accredited</u> Laurel School. On or about September 20, 2018, Defendant Hatikvah convened an IEP meeting with Hatikvah proposing an out-of-district placement at the Bridge Academy School. That IEP would result "in a private day or residential placement" as described in N.J.S.A. 18A:36A-11(b).

11. The parents of H.K. filed a Due Process Petition challenging the IEP proposing Bridge Academy and seeking reimbursement from Defendant Hatikvah for H.K.'s attendance at the <u>accredited</u> Laurel School, among other remedies. It should be noted that Defendant East Brunswick was also named as a Respondent in said Due Process Petition.

12. On or about October 28, 2019 the parents of H.K. and Defendant Hatikvah reached a settlement and same was placed "on the record" before The Honorable Jeffrey N. Rabin, ALJ (Mercerville OAL). Said Settlement called for H.K.'s IEP placement

location to reflect the <u>accredited</u> Laurel School with ALJ Rabin accepting same and approving H.K.'s placement therein. East Brunswick School District was in the court room when said settlement was placed "on the record".

13. In accordance with N.J.S.A. 18A:36-11(b) provides that a District of residence, such as Defendant, East Brunswick being fiscally responsible for a charter school student's private school costs.

14. On or about November 27, 2019 Defendant East Brunswick, <u>without basis and under false pretenses,</u> filed a Due Process Petition challenging the placement at the <u>accredited</u> Laurel School under N.J.S.A. 18A:36A-11(b). <u>On or about January 21, 2020, H.K.'s parents filed an Emergent Relief Motion seeking an ORDER to Compel Defendant East Brunswick School District or Defendant Hatikvah to render payment for the accredited Laurel School on a pendency basis **as well as a finding that the accredited Laurel School was appropriate, and fees/costs associated with the Petition**. The matter was assigned to Administrative Law Judge Susan L. Olgiati (Mercerville OAL).</u>

15. The Administrative Law Judge (ALJ Olgiati) issued a "Stay Put" Decision on the Emergent Motion on or about February 6, 2020 that preserved H.K.'s placement at the <u>accredited</u> Laurel School. ALJ Olgiati ORDERED that Hatikvah render payment for the <u>accredited</u> Laurel School tuition costs during the pendency of the matter and ORDERED that Defendant East Brunswick transport H.K. to and from the <u>accredited</u> Laurel school with Defendant East Brunswick billing Defendant Hatikvah for those costs on a pendency basis. ALJ Olgiati further ORDERED that Defendant Hatikvah "may seek" reimbursement from Defendant East Brunswick if East Brunswick is

unsuccessful in the underlying Due Process matter. The "Stay Put" Decision stated, in part, that it "shall remain in effect until issuance of the Decision on the merits in the matter."

16. On or about March 4, 2020, Defendant Hatikvah appealed the "Stay Put" Decision in the matter captioned <u>Hatikvah International Academy Charter School v. East Brunswick Twp. Bd. of Educ., et al.</u>, (Docket No.: 20-2382). On or about May 12, 2020, the District Court granted, in part, and denied, in part, Defendant Hatikvah's application for injunctive relief. Defendant Hatikvah then appealed the Decision to the Third Circuit Court of Appeals.

17. On or about April 12, 2021, the Third Circuit Court of Appeals heard Oral Argument on the Appeal.

18. As to the underlying Due Process Petition, on or about June 4, 20210, ALJ Olgiati issued a "Final Decision on Motion for Involuntary Dismissal." By then, three (3) days of testimony had occurred and four (4) witnesses called by Defendant East Brunswick during its case with both Hatikvah <u>and</u> the parents cross examining the East Brunswick School District's witness.

19. ALJ Olgiati found that a witness for Defendant East Brunswick, to wit, Supervisor of Special Education (Nicole McNamara) swore in an Affidavit many months prior to multiple facts which were false. Said individual swore that she was not contacted by anyone at Hatikvah prior to H.K.'s private school placement for information regarding Defendant East Brunswick's special education programs for H.K. and that no Hatikvah representative reviewed programs available for H.K. in East Brunswick School District.

20. Defendant East Brunswick's Supervisor of Special Education's statements were utilized to deny Defendant Hatikvah's Summary Decision Motion that was filed on or about July 17, 2020. Specifically, "[T]he Affidavit of McNamara, upon which [East Brunswick] relied at the Summary Decision stage and continued to rely at Hearing was largely discredited." (*See*, Final DECISION at P. 12) Defendant East Brunswick's Supervisor of Special Education repeated false *assertions* during her direct testimony at the time of Hearing.

21. ALJ Olgiati found, in part: "Having had the opportunity to listen to the testimony of the witnesses and to observe their demeanor, I do not accept the testimony of McNamara as reasonable or reliable. Her testimony was internally inconsistent and often confusing, it was also inconsistent with the testimony of [East Brunswick Special Education Teacher] Fabiano. Therefore, I do not accept McNamara's testimony as credible." (*See*, Final DECISION at P. 10)

22. ALJ Olgiati found that the program offered by Defendant East Brunswick was materially different than the one selected by H.K.'s IEP Team. In East Brunswick, H.K. would not receive instruction by an "Orton-Gillingham" instructor throughout the day, would have a 1:1 aide shadow him, in an larger class than his current program, with peers who are cognitively dissimilar.

23. ALJ Olgiati ORDERED, in part, that "East Brunswick is responsible for the cost of H.K.'s placement at the Laurel School determined by the October 28, 2019 IEP." (*See*, Final DECISION at P. 13) ALJ Olgiati did not decide Defendant Hatikvah's request for reimbursement. Per the "Stay-Put" DECISION, the Final DECISION superseded the "Stay Put" DECISION.

24. On or about June 9, 2021, Defendant Hatikvah's attorney requested that ALJ Olgiati grant Hatikvah's request in its Motion that the ALJ "issue an Order that East Brunswick Board of Education reimburse Hatikvah International Academy Charter School for all Laurel School related stay put costs incurred." On or about June 9, 2021 ALJ Olgiati's assistant contacted counsel and indicated that the matter "concluded" and that ALJ Olgiati "transmitted back" the matter to the New Jersey Department of Education and that ALJ Olgiati "no longer retains jurisdiction" of the matter.

25. To the best of the Plaintiff's knowledge and belief, Defendant East Brunswick has not reimbursed Defendant Hatikvah for its pendency costs paid to the <u>accredited</u> Laurel School.

26. On or about August 19, 2021, the Third Circuit Court of Appeals issued a DECISION/OPINION reversing the District Court's ORDER with respect to H.K.'s tuition costs and remanding for further proceedings. Such decision *appears* to compel Defendant East Brunswick to fully reimburse Defendant Hatikvah.

27. Defendant, East Brunswick School District, herein knew, or should have known, that H.K. was in need of, including, but not limited to, a truly individualized program that could <u>not</u> be met in-district.

28. Under the IDEIA (Individuals with Disabilities Education Improvement Act) and New Jersey law, H.K. is a "disabled" child.

29. As a "disabled" child, H.K. is entitled to the protections of the IDEIA and New Jersey law, including 20 <u>U.S.C.</u> § 1412, 34 <u>C.F.R.</u> § 104.37, 34 <u>C.F.R.</u> § 104.34(b), 34 <u>C.F.R.</u> § 104.61, 28 <u>C.F.R.</u> part 35, and N.J. Stat. Ann. 18A:46-23 (West 1999).

30. Under the IDEIA and New Jersey law, the District(s) maintain a duty to implement an IEP to provide H.K. with a Free Appropriate Public Education ("FAPE"). H.K.'s rights were violated when the East Brunswick School District *alleged* without basis, and, in a fraudulent manner that it could offer an appropriate program.

31. Defendants violated the express terms of the IDEIA and New Jersey law by *alleging*, without any basis, that it could offer H.K. a Free Appropriate Public Education ("FAPE").

32. The actions of the Defendants have caused the parents and guardians ad litem of H.K. to incur unnecessary additional expenses and costs in retaining the services of an attorney, costs, evaluation costs, and, more importantly, in their *failed* attempt to maintain that H.K. could be educated in District.

33. In this matter, it was found, accepted, and ORDERED that H.K. attend the accredited Laurel School at the cost of Defendant East Brunswick and/or Defendant Hatikvah.

34. On June 8, 2021 / July 16, 2021 / August 2, 2021 / September 10, 2021 and September 23, 2021 (**EXHIBIT "A"**), Plaintiffs' attorney forwarded an itemized billing statement (containing expert/evaluator fees) to Defendants attorney covering the period up to July 16, 2021 at 3:50 pm.

35. To date, no formal response nor payment has been provided/rendered.

36. Since the last billing submission (the last date reflected on the aforementioned billing statement) and as of today's date, Plaintiffs' counsel has expended an additional time on this matter. Specifically, Plaintiffs' counsel has conversed with parties, reviewed the file herein, communicated with Defendants attorney, reviewed and forwarded misc. e-mails from the parents of H.K., research, prepared and filed this Complaint,

as well as incurred additional expenses such as postage, photocopies, certified mailings, overnight mailings, filing fees herein, etc.

37. As of this date, Plaintiffs have **not** received *any* payment from the Defendants nor their insurance carrier.

38. Plaintiffs are prevailing parties within the meaning of 20 U.S.C. § 1415(i)(3)(B) and are entitled to reimbursement of their attorneys' fees and costs of litigation expended in this mater.

WHEREFORE, Plaintiffs' demand judgment form the Defendant for the reimbursement of their attorney's fees, costs pursuant to 20 U.S.C. § 1415(i)(3), and such other relief as this Court determines necessary and proper.

By: */s/Michael I. Inzelbuch, Esquire*
**Michael I. Inzelbuch, Esq.**
1340 West County Line Road
Lakewood, NJ 08701
732-905-0325
Attorney for A.K. & R.K. o/b/o H.K.

Dated: **September 27, 2021**

## JURY DEMAND

Plaintiffs is **not** requesting a trial by jury at this time.

## CERTIFICATION

Pursuant to L.C.R. 11.2, I hereby certify that this matter is not the subject of any other action pending in any Court or the subject of a pending arbitration or administrative proceeding.

By: */s/Michael I. Inzelbuch, Esquire*
**Michael I. Inzelbuch, Esq.**
1340 West County Line Road
Lakewood, NJ 08701
732-905-0325
Attorney for A.K. & R.K. o/b/o H.K.

Dated: **September 27, 2021**