UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**Addendum to Notice of Hearing Type: Initial Scheduling Conference**

**INSTRUCTIONS:**

ORDERED THAT: (1) Prior to the initial scheduling conference, all counsel, including individuals who are appearing on his/her own behalf (or "Pro Se"), confer to agree on a joint discovery plan. SEE LOCAL CIVIL RULE 26.1(b); (2) Not later than seven (7) days prior to the above conference, the joint discovery plan, and any disputes regarding it be submitted to the undersigned. SEE LOCAL CIVIL RULE 26.1(b); (3) At the above conference, all parties who are not appearing pro se be represented by counsel who shall have full authority to bind their clients in all pretrial matters. SEE LOCAL CIVIL RULE 16.1(a); (4) Plaintiff(s) notify any party who hereafter enters an appearance of the above conference and forward to that party a copy hereof; and (5) The parties are <u>to advise the Court immediately</u> if this action has been settled or terminated so that the above conference may be cancelled.

Finally, counsel and litigants are advised that, pursuant to Fed. R. Civ. P. 26, 30 and 33 early disclosure requirements and limitations on depositions/interrogatories will be enforced. Therefore, pursuant to the early disclosure requirements, counsel shall exchange the following information without formal discovery requests:

    (i)     identities of individuals with knowledge of disputed facts;
    (ii)    documents and things in the possession of counsel or the parties regarding the disputed issues;
    (iii)   insurance agreements in force; and
    (iv)   statement of the basis for any damages claimed;

and it is further

ORDERED that the meeting of parties required by Fed. R. Civ. P. 26(f) shall take place within 14 days of the date of this Order;

and it is further

ORDERED that upon the entry of appearance of any new and/or additional counsel subsequent to the date of this Order, plaintiff's counsel shall send a copy of this Scheduling Order to the newly appearing attorneys(s), but on any third party claim, the counsel for the third party plaintiff shall send a copy of this Order to the newly entering counsel for third party defendant(s).

ORDERED that all parties shall confer to agree and submit a JOINT DISCOVERY PLAN to the Magistrate Judge not less than seven (7) days prior to the above-stated conference date, as required by Local Civil Rule 26.1(b) of this court. The conference date should appear on the caption of the Joint Discovery Plan, which shall include at a minimum, the following items: (1) a brief factual statement of the claims or defenses in the action, as well as a brief statement of the legal issues in the case; (2) a description of all discovery conducted by the parties to date; (3) a description of all discovery problems encountered to date, the efforts undertaken by the parties to remedy these problems, and the parties suggested resolution of the problems; (4) a description of the parties further discovery needs; (5) the parties estimate of the time needed to complete

discovery; **(6) a statement regarding whether expert testimony will be necessary, and the parties anticipated schedule for retention of experts and submission of their reports; (7) a statement regarding whether there should be any limitation placed upon use of any discovery device and, if so, the reasons the limitation is sought; (8) a description of any special discovery needs of the parties (e.g., videotape/telephone depositions, problems with out-of-state witnesses or documents, or discovery of digital information).** *See*, **L. CIV. R. 26.1 (d).**

**Sanctions may be imposed pursuant to F $_{ED}$. R. C$_{IV}$. P. 16(f) if counsel or an individual unrepresented by counsel either fails to appear at the conference or appears unprepared. Each litigant attending the conference shall be fully familiar with the file, and have authority to bind their clients in all pretrial matters.**

      <u>/s/ Douglas E. Arpert</u>
      **HONORABLE DOUGLAS E. ARPERT**
      **UNITED STATES MAGISTRATE JUDGE**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

Case 3:21-cv-16324-FLW-DEA   Document 8   Filed 10/13/21   Page 3 of 3 PageID: 66

## ALTERNATIVE DISPUTE RESOLUTION
## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

**Mediation** is the Alternative Dispute Resolution (ADR) program in this Court. Mediation is governed by [1. Local Civil Rule 301.1](). The mediation program under this rule is supervised by a judicial officer **(currently United States Magistrate Judge Madeline Cox Arleo)** who is available to answer any questions about the program.

Any district judge or magistrate judge may refer a civil action to mediation. This may be done without the consent of the parties. However, the Court encourages parties to confer among themselves and consent to mediation. Moreover, you are reminded that, when counsel confer pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and [Local Civil Rule 26.1](), one of the topics that **must** be addressed is the eligibility of a civil action for participation in ADR.

A civil action may be referred to mediation at any time. However, one of the advantages of mediation is that, if successful, it enables parties to avoid the time and expense of discovery and trial. Accordingly, the Court encourages parties to consent to mediation prior to or at the time that automatic disclosures are made pursuant to **Rule 26(a)(1) of the Federal Rules of Civil Procedure.**

If parties consent to mediation, they may choose a mediator either from the list of certified mediators maintained by the Court or by the selection of a private mediator. If a civil action is referred to mediation without consent of the parties, the judicial officer responsible for supervision of the program will select the mediator.

Mediation is non-judgmental. The role of the mediator is to assist the parties in reaching a resolution of their dispute. The parties may confer with the mediator on an ex parte basis. Anything said to the mediator will be deemed to be confidential and will not be revealed to another party or to others without the party's consent. **The mediator's hourly rate is $300.00,** which is borne equally by the parties.

If you would like further information with regard to the mediation program please review the Guidelines for Mediation, [Appendix Q to the Local Civil Rules](). You may also make inquiries of the judicial officer responsible for supervision of the program.

Civil actions in which there are pro se parties (incarcerated or not) are not eligible for mediation.