**CLEARY GIACOBBE ALFIERI & JACOBS, LLC**
Jodi S. Howlett, Esq.
955 State Route 34
Suite 200
Matawan, NJ 07747
Tel. No. (732) 583-7474
*Attorneys for Defendant, East Brunswick Board of Education*

| | |
|---|---|
| HATIKVAH INTERNATIONAL CHARTER SCHOOL, INC., <br><br>     Plaintiff, <br><br> v. <br><br> EAST BRUNSWICK BOARD OF EDUCATION, et al., <br><br>     Defendants. | Civil Action <br><br> Docket No.: 3:21-cv-16324-FLW-DEA |

**BRIEF IN SUPPORT OF DEFENDANT EAST BRUNSWICK
BOARD OF EDUCATION'S MOTION TO DISMISS
DEFENDANTS A.K. AND R.K.'s CROSSCLAIM FOR ATTORNEY'S FEES**

On the Brief:   Jodi S. Howlett, Esq.
                Danielle A. Panizzi, Esq.

## **TABLE OF CONTENTS**

TABLE OF CONTENTS ........................................................................................................... ii

TABLE OF AUTHORITIES .................................................................................................... iii

STATEMENT OF FACTS AND PROCEDURAL HISTORY ..................................................... 1

STANDARD OF REVIEW ........................................................................................................ 2

LEGAL ARGUMENT ................................................................................................................ 3

    I.    DEFENDANTS ARE NOT ENTITLED TO ATTORNEY'S FEES BECAUSE THEY ARE NOT A PREVAILING PARTY UNDER THE IDEA. ....................................................................................................................... 3

    II.   AN AWARD OF ATTORNEY'S FEES TO PARENTS WOULD CHILL THE BOARD'S AUTHORITY TO CHALLENGE PRIVATE SCHOOL PLACEMENTS PURSUANT TO N.J.S.A. 18A:36A-11(b) AND DISTORT THE PURPOSE OF THE IDEA'S FEE-SHIFTING PROVISION. .............................. 7

CONCLUSION ....................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Cases**

Bd. of Educ. v. Rowley, 458 U.S. 176 (1982) .................................................................. 8
Camden Cty. Energy Recovery Assoc. v. New Jersey Dep't of Envir. Protection,
    320 N.J. Super. 59 (App. Div. 1999), aff'd., 170 N.J. 246 (2001) ............................ 2
E.M. v. Millville Bd. of Educ., 849 F. Supp. 312 (D.N.J.1994) ....................................... 4
Farrar v. Hobby, 506 U.S. 103 (1992) ............................................................................ 4
Glass, Molders, Pottery, Plastics & Allied Workers Int'l Union v. Wickles Cos.,
    243 N.J. Super. 44 (L. Div. 1990) .............................................................................. 2
Hensley v. Eckerhart, 461 U.S. 424 (1983) .................................................................... 4
Honig v. Doe, 484 U.S. 305 (1988) ................................................................................. 8
John T. v. Del. Cnty. Intermediate Unit, 318 F.3d 545 (3d Cir. 2003) ........................... 4
M.R. v. Ridley School District, 868 F.3d 218 (3d Cir. 2017) .......................................... 8
Moorestown Twp. Bd. of Educ. v. S.D., 811 F. Supp. 2d 1057 (D.N.J. 2011) .............. 4
P.N. v. Clementon Bd. of Educ., 442 F.3d 848 (3d Cir. 2006) ....................................... 4
Rebish v. Great Gorge, 224 N.J. Super. 619 (App. Div. 1988) ..................................... 3
Reider v. State Dep't of Transp., 221 N.J. Super. 547 (App. Div. 1987) .................. 2, 3
Sickles v. Cabot Corp., 379 N.J. Super. 100 (App. Div. 2005) ..................................... 3
Talalai v. Cooper Rubber Co., 360 N.J. Super. 547 (L. Div. 2001) .............................. 2
Texas State Teachers Ass'n v. Garland Indep. School Dist., 489 U.S. 782 (1989) ........ 3
Velantzas v. Colgate-Palmolive Co., 109 N.J. 189 (1988) ............................................. 2
Wheeler v. Towanda Area Sch. Dist., 950 F.2d 128, 131 (3d Cir. 1991) ....................... 4

**Statutes**

N.J.S.A. 18A:36A-11(b) ......................................................................................... passim

**Other Authorities**

20 U.S.C. § 1400 et seq. .................................................................................................. 3
20 U.S.C. § 1412(a)(1) ..................................................................................................... 8
20 U.S.C. § 1415(b)(6)(A) ............................................................................................... 8
20 U.S.C. § 1415(e)(4)(B) ................................................................................................ 2
20 U.S.C. § 1415(f)-(h) .................................................................................................... 8
20 U.S.C. § 1415(i)(3) ...................................................................................................... 3
20 U.S.C. § 1415(i)(3)(B) ...................................................................................... 3, 4, 6, 8
20 U.S.C. § 1415(i)(3)(B)(i) ............................................................................................. 9
20 U.S.C. § 1415(i)(3)(B)(i)(I) ......................................................................................... 4
20 U.S.C.§ 1415(i)(3)(B)(i)(I) .......................................................................................... 7
42 U.S.C. § 1988 ............................................................................................................... 4

**Rules**

R. 4:6-2 ................................................................................................................................ 2
R. 4:6-2(e) ........................................................................................................................... 2

**Regulations**

N.J.A.C. 6A:23A-15.4 .................................................................................................... 5, 7

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

H.K. is enrolled as a student at Plaintiff Hatikvah International Academy Charter School ("Hatikvah"), a public charter school in East Brunswick, New Jersey. On October 3, 2018, Defendants A.K. and R.K. ("Parents") filed a Petition for Due Process with the New Jersey Office of Special Education Programs against Hatikvah seeking placement of H.K. at a private out-of-district school, The Laurel School of Princeton ("Laurel School"). Subsequent to the filing of the Due Process Petition, Parents unilaterally placed H.K. at the Laurel School. In order to resolve the dispute, Hatikvah and H.K.'s parents entered into a settlement agreement wherein Hatikvah agreed to issue an IEP Placing H.K. at the Laurel School, effective October 16, 2019.

On November 27, 2019, in accordance with N.J.S.A. 18A:36A-11(b), Defendant East Brunswick Board of Education ("East Brunswick"), as the resident school district, filed a Petition for Due Process against Hatikvah, challenging the IEP and seeking an Order that, among other things: (i) the determination to place H.K. at the Laurel School was a term and condition of the settlement agreement between Parents and Hatikvah, to which East Brunswick was not a party; (ii) Laurel School does not provide H.K. with a free appropriate public education in the least restrictive environment; and (iii) Hatikvah bears the financial responsibility of H.K.'s placement at the Laurel School. As required by N.J.S.A. 18A:36A-11(b), Parents were added to the Petition as a necessary party.

On March 17, March 24, and April 15, 2021, a remote plenary hearing was held before the Honorable Susan Olgiati, ALJ. The purpose of the hearing was to determine who between Hatikvah and East Brunswick was financially responsible for H.K.'s placement at the Laurel School, pursuant to N.J.S.A. 18A:36A-11(b). On June 4, 2021, Judge Olgiati issued a Final Decision finding, *inter alia*, that East is responsible for the costs of Hatikvah's placement of

H.K. at the Laurel School, as it had failed to demonstrate that it could provide H.K. with a free appropriate public education in a lesser restrictive setting.

Parents now seek an award of attorneys' fees and costs as the prevailing party below pursuant to 20 U.S.C. § 1415(e)(4)(B), as set forth in their Answer and Crossclaim filed with this Court on September 27, 2021.

## STANDARD OF REVIEW

The within Motion to Dismiss Defendant's Crossclaim for Attorney's Fees is filed in accordance with R. 4:6-2.  In ruling on a Motion to Dismiss, courts must "assume the facts as asserted by plaintiff are true and give her the benefit of all inferences that may be drawn in her favor."  Velantzas v. Colgate-Palmolive Co., 109 N.J. 189, 192 (1988).  However, if a complaint states no basis for relief, and discovery would not provide one, dismissal of the complaint is appropriate.  Camden Cty. Energy Recovery Assoc. v. New Jersey Dep't of Envir. Protection, 320 N.J. Super. 59, 64 (App. Div. 1999), aff'd., 170 N.J. 246 (2001).  The test for determining the adequacy of a pleading is whether a cause of action is suggested by the facts.  Glass, Molders, Pottery, Plastics & Allied Workers Int'l Union v. Wickles Cos., 243 N.J. Super. 44 (L. Div. 1990).

In addition, R. 4:6-2(e) requires a court to search the complaint in depth to determine whether a cause of action can be found within its four corners.  Talalai v. Cooper Rubber Co., 360 N.J. Super. 547, 555 (L. Div. 2001).  On a motion made pursuant to this Rule, the inquiry is whether the facts as alleged are legally sufficient on their face.  See Reider v. State Dep't of Transp., 221 N.J. Super. 547, 552 (App. Div. 1987).  The Court may not consider anything other than whether the complaint states a "cognizable cause of action."  Id.  All facts alleged in the complaint and legitimate inferences drawn from those facts are deemed admitted for purposes of the motion.  Id. (Citing Velentzas v. Colgate-Palmolive Co., 109 N.J. 189, 192 (1988)).  "A

dismissal is mandated where the factual allegations are palpably insufficient to support a claim upon which relief can be granted." Reider, 221 N.J. Super. at 552.  Although a complaint is to be read indulgently on a motion to dismiss for failure to state a claim, "a pleading cannot be devoid of the essential elements of a cause of action."  Rebish v. Great Gorge, 224 N.J. Super. 619, 627  (App. Div. 1988).  Thus, a Court must dismiss a complaint "if it has failed to articulate a legal basis entitling plaintiff to relief." Sickles v. Cabot Corp., 379 N.J. Super. 100 (App. Div. 2005).

For the following reasons, it is respectfully submitted that the within Motion to Dismiss Defendant Parents' Crossclaim for Attorney's Fees should be granted.

## LEGAL ARGUMENT

### I. DEFENDANTS ARE NOT ENTITLED TO ATTORNEY'S FEES BECAUSE THEY ARE NOT A PREVAILING PARTY UNDER THE IDEA.

Defendants in the instant matter seek attorneys' fees and costs under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*  This statute provides in relevant part:

> In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is the **prevailing party**.

20 U.S.C. § 1415(i)(3)(B) (emphasis added).

The Supreme Court in Garland held that "the touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute." Texas State Teachers Ass'n v. Garland Indep. School Dist., 489 U.S. 782 (1989).  By its terms, Section 1415(i)(3) requires that a plaintiff be the "prevailing party" to recover attorney's fees. E.M. v. Millville Bd. of Educ., 849 F. Supp. 312,

3

316 (D.N.J. 1994); cf. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) ("A plaintiff must be a 'prevailing party' to recover an attorney's fee award under [42 U.S.C.] § 1988").

Under the IDEA's fee-shifting provision, a district court may, at its discretion, award reasonable attorney fees as part of the costs to a "prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i)(I).  A plaintiff "prevails" within the meaning of this provision, "when actual relief on the merits of [the] claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." P.N. v. Clementon Bd. of Educ., 442 F.3d 848, 855 (3d Cir. 2006), cert. den'd, 549 U.S. 881 (quoting Farrar v. Hobby, 506 U.S. 103, 111–12 (1992)); see also Moorestown Twp. Bd. of Educ. v. S.D., 811 F. Supp. 2d 1057, 1084–85 (D.N.J. 2011).

Additionally, in order to be deemed a prevailing party, a plaintiff must "succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." John T. v. Del. Cnty. Intermediate Unit, 318 F.3d 545, 555 (3d Cir. 2003) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).  In adjudicating prevailing party status, courts in this Circuit apply a two-prong test: (1) whether the parents achieved relief on any of their claims, and (2) whether there is a causal connection between the litigation and the relief achieved.  Id. at *4 (citing Wheeler v. Towanda Area Sch. Dist., 950 F.2d 128 (3d Cir. 1991).

In the instant matter, Parents have failed to meet their burden to establish their status as "prevailing parties" pursuant to 20 U.S.C. § 1415(i)(3)(B).  As explained above, East Brunswick filed the underlying Petition for Due Process before the Office of Administrative Law pursuant to challenge procedures afforded to it as a resident district in circumstances when a charter school places a student in a private day or residential program.  Specifically, N.J.S.A. 18A:36A-11(b), provides that a charter school is generally responsible for "the

4

provision of services to students with disabilities; except that the fiscal responsibility for any student currently enrolled in or determined to require a private day or residential school shall remain with the district of residence." In addition, the statute further provides that:

> Within 15 days of the signing of the individualized education plan, a charter school shall provide notice to the resident district of any individualized education plan which results in a private day or residential placement. The resident district may challenge the placement within 30 days in accordance with the procedures established by law.

N.J.S.A. 18A:36A-11(b).

Moreover, in accordance with N.J.A.C. 6A:23A-15.4, the implementing regulation to N.J.S.A. 18A:36A-11(b), the school district may file for a due process hearing against the charter school for a "hearing before an administrative law judge to determine whether there is a less-restrictive placement to meet the student's education needs and, if so, whether the charter school must place the student in that program." Commensurate with statutory proceduring, following Hatikvah's placement of H.K. at the Laurel School pursuant to the October 16, 2019 IEP, East Brunswick filed a Petition for Due Process as the resident school district, challenging the IEP and seeking an Order finding that, among other things the Laurel School does not provide H.K. with a free appropriate public education in the least restrictive environment. Because East Brunswick believed it could offer a program to H.K. in the least restrictive environment, East Brunswick argued that Hatikvah bore the financial responsibility of H.K.'s placement at the Laurel School.

***Importantly, at all times during the underlying proceedings, the Parties agreed that H.K. should remain at the Laurel School while East Brunswick's petition was pending, meaning that the parties agreed that the Laurel School is H.K.'s pendent placement for purposes of the IDEA.*** Additionally, East Brunswick did not dispute that should East Brunswick

5

ultimately fail to meet its burden to demonstrate that it could offer H.K. a free appropriate public education in the least restrictive environment, it would bear the costs of tuition and transportation for H.K.'s placement at the Laurel School of Princeton.  The only dispute between the Parties was whether Hatikvah or East Brunswick should bear the cost of H.K.'s pendent placement during the proceedings.  See J. Olgiati Decision on Emergent Relief at *6 (February 6, 2020) ("**The parties agree that the parents are not obligated to pay for H.K's placement at the Laurel School.**) (emphasis added).  Ultimately, ALJ Olgiati determined that East Brunswick failed to demonstrate that it could provide H.K. with a free appropriate public education in the least restrictive environment in accordance with the October 16, 2019 IEP issued by Hatikvah.  Accordingly, ALJ Olgiati ordered East Brunswick to reimburse Hatikvah for H.K.'s costs from the date of his IEP, October 28, 2019.

Because both East Brunswick and Hatikvah agreed that the parents were at no point obligated to pay for H.K.'s placement at the Laurel School, H.K.'s rights to a free, appropriate public education were never at issue in the underlying proceedings, negating "prevailing party" rights to the parents pursuant to 20 U.S.C. § 1415(i)(3)(B).  Rather, the matter arose out of a request by East Brunswick for a due process hearing challenging H.K.'s placement at the Laurel School of pursuant to the IEP *that was the result of a legally binding settlement agreement between Parents and Hatikvah*.

6

It is axiomatic that H.K.'s need for an education protected by the IDEA was never at issue. Rather, the due process proceedings before ALJ Olgiati were necessary for East Brunswick to demonstrate its evidentiary burden that its in-district programming was sufficient to meet H.K.'s need, absolving it of financial responsibility for f the cost of H.K.'s education at the Laurel School pursuant to N.J.S.A. 18A:36A-11(b). The mere fact that East Brunswick was designated as the financially responsible party for the terms of H.K.'s placement at the Laurel School as the resident district rather than Hatikvah does not afford Parents "prevailing party status" pursuant to 20 U.S.C.§ 1415(i)(3)(B)(i)(I). Parents have had precisely the same legal position as when the litigation started, i.e. a right for their child to receive a free appropriate public education at either Hatikvah's or East Brunswick's expense.

## II. AN AWARD OF ATTORNEY'S FEES TO PARENTS WOULD CHILL THE BOARD'S AUTHORITY TO CHALLENGE PRIVATE SCHOOL PLACEMENTS PURSUANT TO N.J.S.A. 18A:36A-11(b) AND DISTORT THE PURPOSE OF THE IDEA'S FEE-SHIFTING PROVISION.

Notwithstanding its right to seek monetary relief, East Brunswick still has a legally cognizable interest in pursuing its right to due process conferred by N.J.S.A. 18A:36A-11(b) and N.J.A.C. 6A:23A-15.4. Specifically, East Brunswick was entitled to its "day in Court" on the issue of whether Hatikvah violated its IDEA obligations and whether the District would have provided a H.K. with FAPE in one of its in-District programs. Essentially, where a charter school elects to move a student to an out-of-district placement prior to exhaustion of the thirty (30) day appeal deadline, it assumes the risk that the resident school district may successfully challenge the placement. The legislative intent of N.J.S.A. 18A:36A-11(b) affirmatively grants East Brunswick the authority to challenge Hatikvah's placement of H.K at the Laurel School. ***Awarding attorney's fees to the parents in these matters every time the District is unsuccessful***

*<u>in a challenge of a charter school's placement pursuant to N.J.S.A. 18A:36A-11(b) would chill a school board's willingness to legitimately challenge that placement.</u>*

The IDEA provides to children with disabilities "an enforceable substantive right to [a free appropriate] public education in participating States," while conditioning federal financial assistance to those states on their "compliance with the substantive and procedural goals of the Act." Honig v. Doe, 484 U.S. 305 (1988); *see* 20 U.S.C. § 1412(a)(1). Because Congress was aware that schools had "all too often" denied a free appropriate public education to children with disabilities "without in any way consulting" the children's parents, the IDEA also "establishes various procedural safeguards that guarantee parents both an opportunity for meaningful input into all decisions affecting their child's education and the right to seek review of any decisions they think inappropriate." Honig, 484 U.S. at 311. Those procedural safeguards allow parents to file an administrative complaint challenging "any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child," 20 U.S.C. § 1415(b)(6)(A); they provide for "an impartial due process hearing" in response to such a complaint, id. § 1415(f)-(h); 20 U.S.C. § 1415(f)-(h) and they allow federal district courts to "award reasonable attorneys' fees as part of the costs" to parents who are "prevailing part[ies]" in the due process proceedings, id. § 1415(i)(3)(B). The IDEA's "elaborate and highly specific procedural safeguards" provide parents with a means of enforcing the Act's "general and somewhat imprecise substantive admonitions." Bd. of Educ. v. Rowley, 458 U.S. 176 (1982).

Accordingly ***if a parent vindicates a procedural or substantive right guaranteed by the IDEA***, and if the relief she obtains is not "temporary forward-looking injunctive relief," M.R. v. Ridley School District, 868 F.3d 218 (3d Cir. 2017) (emphasis added), then she is a "prevailing

8

party" under the IDEA attorneys' fee provision and is eligible for an award of attorneys' fees. 20 U.S.C. § 1415(i)(3)(B)(i).

Such is the not the case before this Court. Here, Parents did not vindicate their substantive or procedural due process rights under the IDEA. Rather, it is East Brunswick who filed the underlying Petition challenging a private placement by a charter school outlined in N.J.S.A. 18A:36A-11(b). Therefore, it was East Brunswick, and not Parents, who sought an underlying remedy with respect to the financing of H.K.'s placement at the Laurel School. The relief afforded by ALJ Olgiati's Decision did not afford a remedy to the parents, but rather placed financial responsibility for H.K.'s placement at Laurel School on East Brunswick as opposed to Hatikvah. Again, the dispute was between East Brunswick and Hatikvah only. Ultimately, Judge Olgiati concluded that because East Brunswick has failed to meet its burden of proof, in accordance with N.J.S.A. 18A:36A-11(b), it is responsible for the cost of H.K.'s placement at the Laurel School determined by the October 28, 2019 IEP. Because the underlying proceedings did not revolve parents' substantive and procedural due process rights, as the Parties maintained throughout the course of the proceedings that they were not at all financially responsible for H.K.'s placement at the Laurel School, they are not entitled to the procedural protections afforded by the IDEA's fee-shifting provision.

## **CONCLUSION**

Based upon the foregoing, Defendant East Brunswick Board of Education respectfully requests that the Court dismiss, with prejudice, Defendant's Crossclaim for Attorney's Fees for failure to state a claim upon which relief can be granted.

Respectfully submitted,
**CLEARY GIACOBBE ALFIERI JACOBS, LLC**
Attorneys For Defendants East Brunswick Board Of Education

Dated: February 25, 2022

By:   s/ Jodi S. Howlett
       JODI S. HOWLETT, ESQ.