**JOHNSTON LAW FIRM LLC**

MONTCLAIR, NJ    NEW YORK, NY

THOMAS O. JOHNSTON
tjohnston@johnstonlawfirmllc.com
Member NJ and NY Bars

March 23, 2022

<u>VIA EFILE</u>

Hon. Freda L. Wolfson, U.S.D.J.
Clarkson S. Fisher Building
& U.S. Courthouse
402 East State Street
Trenton, NJ 08608

      Re:    *East Brunswick BOE v. A.K. obo H.K. & Hatikvah International Academy Charter School,* Civil Action No. 3:21-16324-FLW-DEA

Your Honor:

We are counsel to Plaintiff Hatikvah International Academy Charter School, Inc. ("Hatikvah"). Please accept this letter brief in lieu of a more formal brief in response to Defendant East Brunswick Board of Education's ("East Brunswick") motion to dismiss Defendant H.K.'s parents attorney fees' claim.

In sum, challenges under *N.J.S.A*. 18A:36A-11(b) by New Jersey resident school districts to charter school student private placements must abide by parental procedural safeguards under the Individuals with Disabilities Education Act ("IDEA"). A key procedural safeguard is fee-shifting rights when parents or guardians prevail against an adverse school district in a contested due process hearing.

After an interlocutory appeal to the United States Court of Appeals for the Third Circuit over H.K.'s "stay-put" rights and three days of testimony before a New Jersey Administrative Law

JOHNSTON
— LAW FIRM, LLC —

Hon. Freda L. Wolfson, U.S.D.J.
March 23, 2022
Page 2

Judge ("ALJ"), it is clear that East Brunswick's case was built on a foundation of false statements given by East Brunswick personnel, about replicating H.K.'s private school IEP in East Brunswick's district.

H.K.'s parents prevailed in the stay-put dispute and on the merits. On June 4, 2021, the ALJ granted Hatikvah's motion for involuntary dismissal. H.K.'s placement was consequently not ordered to change to a program in East Brunswick. H.K.'s parents are entitled to recovery of attorneys' fees. East Brunswick's motion should be denied.

## STATEMENT OF RELEVANT FACTUAL FINDINGS BELOW

East Brunswick presented before the ALJ an affidavit of its employee Nicole McNamara to demonstrate that it had a program in its district which could meet H.K.'s IEP needs. The ALJ found McNamara's affidavit "inaccurate, in error, and/or misleading."

> [McNamara] claimed to be unaware that the affidavit was made under oath. She further testified that if she had 'caught' the errors in the affidavit, she would not have signed the document. McNamara also acknowledged issues with her statement regarding the District's LLD program providing a specialized reading and writing program through the use of 'an OrtonGillingham program across all core subjects.' She explained that she should have clarified that Orton-Gillingham approaches were 'infused' throughout all core subjects. This statement was later refuted by the testimony of April Fabiano, the LLD teacher at [East Brunswick's] Memorial Elementary.
>
> * * *
>
> Despite affirming that she had thoroughly reviewed H.K.'s IEP and his pupil records she could not recall what documents she had reviewed or when she had reviewed them.
>
> * * *
>
> Having had the opportunity to listen to the testimony of the witness and to observe their demeanor, I do not accept the testimony of McNamara as reasonable or reliable. Here testimony

> was internally inconsistent and often confusing, was also inconsistent with the testimony of [another East Brunswick employee.]. Therefore I do not accept McNamara's testimony as credible.

(*See* Johnston Certification, Exhibit A at pp 9-10.)

**LEGAL ARGUMENT**

I. **H.K.'S PARENTS ARE ENTITLED TO RECOVERY OF ATTORNEY'S FEES AGAINST EAST BRUNSWICK BECAUSE THEY PREVAILED IN EAST BRUNSWICK'S CHALLENGE TO THE PRIVATE PLACEMENT**

Congress expressly found that "improving educational results for children with disabilities is an essential element of our national policy of ensuring equality of opportunity . . for individuals with disabilities." 20 U.S.C. §1400(c)(1). To advance these policies, the right of parents to recover attorney's fees in due process hearings is well settled. It is an "economic reason" for a school district to abide by the IDEA's substantive and procedural requirements. *M.R. v. Ridley Sch. Dist*., 868 F.3d 218, 222 (3d Cir. 2017). The IDEA entitles parents to recovery of attorney's fees when they prevail in a due process hearing. "In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorney's fees as part of the costs . . to a prevailing party who is the parent of a child with a disability . . ." 20 U.S.C. §1415(i)(3)(B).

In a challenge to a private placement under *N.J.S.A.* 18A:36a-11(b), the resident district, like East Brunswick, is the "school district," with all its commensurate IDEA obligations. *N.J.A.C.* 6A:23A-15.4(b). "The resident district may challenge the placement within 30 days <u>in accordance with the procedures established by law</u>." *N.J.S.A.* 18A:36A-11(b); *N.J.A.C.* 6A:23A-15.4(b)(emphasis added.).

> 1. The request for a due process hearing shall be processed in accordance with N.J.A.C. 6A:14-2.7 [concerning special education] and, if the parties agree, mediation will be offered prior to transmittal of the matter to the Office of Administrative Law for a due process hearing.
>
> 2. For purposes of administering the request for a due process hearing, the school <u>district of residence shall be considered the 'school district'</u> as the term is utilized in N.J.A.C. 6A:14-2.7 and the request shall be processed in accordance with the regulations applicable to requests for a due process hearing by a school district.

*Id.* (Emphasis added.)

The implementing regulation further provides as follows:

> The due process hearing shall be limited in scope to a determination by an administrative law judge as to whether there is a less-restrictive placement that will meet the student's educational needs and, <u>if so, whether the charter school must place the student in the program.</u>

*N.J.A.C.* 6A:23A-15.4(b)(emphasis added.)

In its moving brief, East Brunswick wrongly asserts that "the only dispute between the Parties was whether Hatikvah or East Brunswick should bear the cost of the H.K.'s pendency placement during the proceedings." (*See* EB Brief at p. 6.) But the subject matter of a challenge filed per *N.J.S.A.* 18A:36A-11(b) and *N.J.A.C.* 6A:23A-15.4(b), requires the ALJ to decide "whether the charter school must place the student in the program." *Id.* The issue in the hearing was further confirmed in a conference with the ALJ and by letter dated January 19, 2021 by Hatikvah's counsel, which was marked as Exhibit J-28 at the hearing. (*See* Johnston Certif. Ex. B.) As plead in its amended petition for due process, East Brunswick sought an Order that it "can provide H.K. with the special education program and relates services provided in the 10/26/20 IEP in a less

restrictive environment than the Laurel School." (See Johnston Certif., Ex. A, Dec. 1, 2020 Petition at p. 5.)

H.K.'s parents were confronted with H.K.'s program being judicially compelled, against their wishes, to return to its resident district, which H.K.'s parents already decided could not meet H.K.'s needs. As East Brunswick failed in its challenge, H.K.'s parents undeniably obtained a "material alteration of the legal relationship of the parties" that is judicially sanctioned. *M.R.,* 868 F.3d at p. 224 (quoting *Raab v. Ocean City*, 833 F.3d 286, 292-293 (3d Cir. 2016)). The ALJ's decision was "merits-based." *M.R.,* 868 F.3d at p. 224.

Also, East Brunswick's stay-put related challenge compelled H.K.'s parents to incur legal fees. East Brunswick lost. *Hatikvah Intern. Academy CS v. East Brunswick BOE*, 10 F.4th 215 (3d Cir. 2020). The stay put win entitles the parents to attorney fees recovery. *M.R.,* 868 F.3d at 225. The Court cannot allow East Brunswick to "ignore their obligations under the IDEA's 'stay put' provision to do so with impunity." *M.R.* 868 F.3d at 227.

East Brunswick has not, and cannot, offer a rationale why charter school parents should somehow have less IDEA rights. H.K.'s parents prevailed in a due process hearing against a resident district. They are entitled to fees.

The facts in the record here illustrate the need to award fees to prevent resident districts from abusing the right to file a challenge under *N.J.S.A.* 18A:36A-11(b). After putting H.K.'s placement in controversy, East Brunswick refused to fund its stay put placement for 21 months, until ordered by the Third Circuit. It premised its challenge on false sworn statements by personnel, uncovered at the hearing on the merits, 19 months after the East Brunswick filing. East Brunswick argues that awarding fees would have a "chilling" effect on resident district's

Case 3:21-cv-16324-GC-DEA   Document 15   Filed 03/23/22   Page 6 of 6 PageID: 105

JOHNSTON
— LAW FIRM, LLC —

Hon. Freda L. Wolfson, U.S.D.J.
March 23, 2022
Page 6

decision to file challenges under *N.J.S.A.* 18A:36A-11(b).  But not awarding fees inoculates a resident district from the full statutory consequences of putting a special education program in controversy without success, even in cases, like here, where the challenge is built on false sworn statements.  East Brunswick did not contest the availability of stay-put procedural safeguards to H.K.'s parents in the appeal *Hatikvah Intern. Academy CS v. East Brunswick BOE*, 10 F.4th 215 (3d Cir. 2021).  But now, having lost its challenge, it contests the fee-shifting procedural safeguards to H.K.'s parents.

East Brunswick sought to return H.K. to an in-district program. It failed in its challenge.  It put H.K.'s parents and Hatikvah through a matter that needlessly wasted public and parent resources.  East Brunswick's motion should be denied.

                                    Respectfully submitted,

                                    Thomas O. Johnston

TOJ/dk
Cc:    Jodi S. Howlett, Esq.
         Michael I. Inzelbuch, Esq.