# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HATIKVAH INTERNATIONAL ACADEMY CHARTER SCHOOL, INC., <br><br> Plaintiff (s), <br><br> v. <br><br> EAST BRUNSWICK TOWNSHIP BOARD OF EDUCATION (Petitioner Below) and A.K. and R.K. o/b/o H.K. (Respondents Below), a minor <br><br> Defendant(s). | *Civil Action* <br><br> Docket No.:  3:21-16324-FLW-DEA |

## EAST BRUNSWICK BOARD OF EDUCATION'S REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO DISMISS DEFENDANT A.K. AND R.K.'S CROSS-CLAIM FOR ATTORNEY'S FEES

**On the Brief:**
**Jodi S. Howlett, Esq. (039272007)**
**Danielle Panizzi, Esq. (278592018)**

                                        **CLEARY GIACOBBE ALFIERI JACOBS, LLC**
                                        955 State Route 34, Suite 200
                                        Matawan, New Jersey 07747
                                        (732) 583-7474
                                        **Attorneys for Defendant**
                                        **East Brunswick Board of Education**

## LEGAL ARGUMENT

At the outset, the East Brunswick Township Public School District ("District" or "East Brunswick") notes the "Response to Motion" filed by Hatikvah International Academy Charter School ("Hatikvah") on March 23, 2022 in response to the District's Motion to Dismiss Parents' Cross-Claim for Attorney's Fees. As the court is aware, Defendants A.K. and R.K. ("Parents") in the instant matter seek attorneys' fees and costs ***from the District*** pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et *seq*. Ironically, in the status conference before the Court on January 12, 2021, Hatikvah, through counsel, represented their intent to submit a Stipulation of Dismissal with East Brunswick, and thus the matter before the Court with respect to Hatikvah would be resolved. Accordingly, a briefing schedule for the instant matter was set with respect to ***the Parents and East Brunswick***. Thus, no grounds exist for Hatikvah to submit any arguments with respect to the Cross-Claim for Attorney's Fees initiated by the Parents before the Court.

Turning to the present matter before the Court, in an attempt not to reiterate the arguments made in the District's Brief in Support of its Motion to Dismiss Parents' Cross-Claim for Attorney's Fees, a review of Parents Opposition Brief reveals no legal argument or credible factual allegations to support their legal contention that they are a "prevailing party" in the underlying litigation pursuant to the fee-shifting provision of the IDEA. Rather, in their Opposition, Parents cite to a stipulated settlement agreement between Hatikvah and the Parents to attempt to support their outlandish assertion that such settlement entitles them to "prevailing party" status ***with respect to the District***. See Opposition at p. 5. Indeed, on October 3, 2018, Parents, in a separate action, filed for Due Process with the New Jersey Office of Special Education Programs ***against Hatikvah*** seeking placement of H.K. at a private-out-of-district school, the Laurel School of

Princeton ("Laurel School"). Subsequent to the filing of the Due Process, Parents unilaterally placed H.K. at the Laurel School. In order to resolve *that dispute*, Hatikvah and H.K.'s parents entered into a settlement agreement wherein Hatikvah issue an IEP placing H.K. at the Laurel School, effective October 16, 2019.

The characterization of this settlement agreement as the "judicial imprimatur" necessary to convey "prevailing party" status to the Parents *with respect to East Brunswick* is disingenuous at best. While it is true that a stipulated settlement may confer prevailing party status in limited circumstances, it is an outlandish claim that a settlement agreement between Hatikvah and the Parents gave the latter "prevailing party status" over East Brunswick warranting attorney's fees in the instant matter. ***Indeed, pursuant to the terms of the above-referenced settlement agreement, Hatikvah issued Parents' counsel, not East Brunswick, attorney's fees***. Thus, the previous dispute between Hatikvah and the Parents was effectively closed and resolved. As the court is aware, in order to be deemed a prevailing party, a plaintiff must "succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." John T. v. Del. Cnty. Intermediate Unit, 318 F.3d 545, 555 (3d Cir. 2003) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). In adjudicating prevailing party status, courts in this Circuit apply a two-prong test: (1) whether the parents achieved relief on any of their claims, and (2) whether there is a causal connection between the litigation and the relief achieved. Id. at *4 (citing Wheeler v. Towanda Area Sch. Dist., 950 F.2d 128, 131 (3d Cir. 1991). ***The fact that the above-mentioned settlement agreement afforded the Parents "prevailing party" status over Hatikvah pursuant to its stipulated terms does not translate to the designation of "prevailing party" status over East Brunswick for the purposes of the instant matter before the Court***.

Indeed, the litigation giving rise to the instant dispute over attorneys' fees before the Court originated when East Brunswick filed the underlying Petition for Due Process before the Office Administrative Law pursuant to challenge procedures afforded to it as a resident district in circumstances when a charter school places a student in a private day or residential program. N.J.S.A. 18A:36A-11(b). The challenge centered upon the October 16, 2019 IEP issued by Hatikvah placing H.K. at the Laurel School. Because East Brunswick believed it could offer a program to H.K. in the least restrictive environment, East Brunswick argued that Hatikvah bore the financial responsibility of H.K.'s placement at the Laurel School. As emphasized in East Brunswick's Motion, ***at all times during the underlying proceedings, the Parties agreed that H.K. should remain at the Laurel School while East Brunswick's petition was pending, meaning that the parties agreed that the Laurel School is H.K.'s pendent placement for purposes of the IDEA.*** In the underlying litigation, the District sought through the challenge procedures promulgated in N.J.S.A. 18A:36A-11(b) that Hatikvah should bear the burden of its placement of H.K. at the Laurel School pursuant to the IEP.

Ultimately, ALJ Olgiati determined that East Brunswick failed to demonstrate that it could provide H.K. with a free appropriate public education in the least restrictive environment in accordance with the October 16, 2019 IEP issued by Hatikvah. Accordingly, ALJ Olgiati ordered East Brunswick to ***reimburse Hatikvah. not the parents*** for H.K.'s education costs from the date of the October 28, 2019 IEP. Because both East Brunswick and Hatikvah agreed that the parents were at no point obligated to pay for H.K.'s placement at the Laurel School, H.K.'s rights to a free, appropriate public education were never at issue in the underlying proceedings, negating "prevailing party" rights to the parents pursuant to 20 U.S.C. § 1415(i)(3)(B).

In sum, East Brunswick filed the underling Petition in an effort to challenge a private school placement by a charter school pursuant to N.J.S.A. 18A:36A-11(b). In their Opposition, Parents do not cite to a single case where parents were awarded attorneys' fees pursuant to N.J.S.A. 18A:36A-11(b). Indeed, awarding attorney's fees to the parents in these matters every time the District is unsuccessful in a challenge of a charter school's placement pursuant to N.J.S.A. 18A:36A-11(b) would chill a school board's willingness to legitimately challenge that placement.

## CONCLUSION

Based upon the foregoing, and the arguments set forth its previous filings, Defendant East Brunswick Board of Education respectfully requests that the Court dismiss, with prejudice, Defendant's Cross-Claim for Attorney's Fees for failure to state a claim upon which relief can be granted.

**CLEARY GIACOBBE ALFIERI JACOBS, LLC**

Attorneys for Defendant,
East Brunswick Township
Board of Education

By: /s/ Jodi S. Howlett
     JODI S. HOWLETT, ESQ.

DATED:   April 1, 2022