# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY
### (609) 989-2182

CHAMBERS OF
GEORGETTE CASTNER
DISTRICT JUDGE

Clarkson S. Fisher Federal
Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

## LETTER ORDER

February 28, 2023

Jodi Schlegel Howlett, Esq.
Cleary Giacobbe Alfieri & Jacobs
955 State Route 34
Suite 200
Matawan, NJ 07747

Michael I. Inzelbuch, Esq.
1340 West County Line Road
Lakewood, NJ 08702

> RE:   *Hatikvah Int'l Acad. Charter Sch., Inc. v. E. Brunswick Bd. of Educ., et al.*
> **Civ. Action No. 21-16324 (GC)**

Counsel:

In this action for reimbursement of costs incurred during proceedings initiated under the Individuals With Disabilities Education Act, 20 U.S.C. §§ 1400 *et seq.* ("IDEA"), Defendant, East Brunswick Township Board of Education ("East Brunswick" or "Defendant"), moves to dismiss the cross-claim filed by Defendants, A.K. and R.K. ("Parents" or "Cross-Plaintiff"), on behalf of their minor child H.K. ("H.K."), pursuant to Federal Rule of Civil Procedure 12(b)(6).

In an earlier case involving the same parties, the Third Circuit held that Defendant East Brunswick, not Plaintiff Hatikvah International Academy Charter School ("Hatikvah" or "Plaintiff"), was financially responsible for H.K.'s pendent placement costs under the IDEA's stay-put rule, 20 U.S.C. § 1415(j), and N.J. Stat. Ann. § 18A:36A-11. *Hatikvah Int'l Acad. Charter Sch., Inc. v. E. Brunswick Bd. of Educ., et al.*, 10 F.4th 215, 221 (3d Cir. 2021). The instant action ensued.

For the reasons set forth below, Defendant's motion to dismiss is **DENIED**.

1

I.  **BACKGROUND**

The facts of this case are set out in detail in *Hatikvah International Academy Charter School v. East Brunswick Township Board of Education*, familiarity with which is presumed. 10 F.4th at 217–18. Accordingly, I recite only the facts relevant to this Motion. (ECF No. 13.)

A.  *Factual Background*

H.K. is a minor residing in East Brunswick who has certain learning disabilities that make him eligible for specialized educational instruction and services under the IDEA, 20 U.S.C. §1400 *et seq*. (ECF No. 4 ("Crossclaim Compl.") at ¶¶ 3, 4, 7.)

In September 2018, Parents unilaterally placed H.K at the Laurel School of Princeton ("Laurel School"), a private school in Princeton, New Jersey. (*Id.* ¶ 10.) Prior to his placement at the Laurel School, H.K. was enrolled at Plaintiff Hatikvah, a public charter school and local education agency located in East Brunswick, New Jersey.

On October 16, 2019, in response to an individualized education plan ("IEP") proposal by Hatikvah placing H.K., instead, at the Bridge Academy, a private school in Lawrenceville, New Jersey ("Bridge Proposal"), Parents filed a due process petition, against Hatikvah and East Brunswick, challenging the Bridge Proposal and seeking reimbursement for H.K.'s placement at the Laurel School. (*Id.* ¶ 11.) On October 28, 2019, H.K.'s parents and Plaintiff Hatikvah recorded a settlement before ALJ Jeffrey Rabin implementing a new IEP that placed H.K. at the Laurel School ("Settlement"). (*Id.* ¶ 12.) Defendant East Brunswick was not a party to the Settlement but was present when the agreement was placed on the record by the ALJ. (*Id.*)

On November 27, 2019, Defendant East Brunswick filed a due process petition challenging H.K.'s placement at the Laurel School and arguing that East Brunswick can provide H.K. with a free, appropriate public education in a less restrictive environment. (Cross Compl. ¶ 14.) In response, on January 21, 2020, Parents filed an emergent motion to compel Defendant East Brunswick to pay for H.K.'s Laurel School costs while Defendant East Brunswick's due process proceeding was pending. (*Id.*)

On February 6, 2020, ALJ Susan L. Olgiati ruled on Parents' emergent motion ("February 6, 2020 Order"). (*Id.* ¶ 15.) The ALJ ordered that H.K. continue to attend the Laurel School pending resolution of Defendant East Brunswick's due process petition. (*Id.*) The ALJ further noted that, if Defendant East Brunswick was unsuccessful in its due process challenge, Plaintiff Hatikvah "may seek" reimbursement from East Brunswick for the costs it incurred while the due process challenge was pending. (*Id.*)[1]

On June 4, 2021, the ALJ issued an Order ruling on East Brunswick's due process petition ("June 4, 2021 Order") (together, with the February 6, 2020 Order, "Orders"). (Cross Compl. ¶

---

[1] Plaintiff Hatikvah challenged the February 6, 2020 Order in this Court to the extent the Order required Hatikvah to pay for H.K.'s costs. *Hatikvah Int'l Acad. Charter Sch., Inc. v. E. Brunswick Bd. of Educ., et al.*, No. 20-2382, 2020 WL 9174954 (D.N.J. May 12, 2020). Ultimately, on August 19, 2021, the Third Circuit held that East Brunswick, as the resident school district, was financially responsible for all H.K.'s pendent placement costs under the IDEA's stay-put rule. *Hatikvah*, 10 F.4th at 221.

18.) The ALJ found that the program offered by Defendant East Brunswick was materially different than the IEP at the Laurel School. (*Id.* ¶ 22.) Further, the ALJ found that East Brunswick was responsible for the cost of H.K.'s placement at the Laurel School pursuant to the Settlement. (*Id.* ¶ 23.) This Order superseded the February 6, 2020 Order. (*Id.* ¶¶ 18, 23.)[2]

### B. *Procedural History*

On August 31, 2021, Plaintiff Hatikvah filed the underlying complaint against East Brunswick and Parents, seeking review of the February 6, 2020 Order and an Order compelling Defendant to reimburse Plaintiff's costs incurred to fund H.K.'s Laurel School placement. (ECF No. 1 ("Compl.").)[3]

On September 27, 2021, Parents, in their Answer to the Complaint, asserted one crossclaim against Defendant East Brunswick and Plaintiff Hatikvah for attorney's fees and costs, pursuant to 20 U.S.C. § 1415(i)(3). (ECF No. 4.) Defendant East Brunswick now moves to dismiss the crossclaim pursuant to Rule 12(b)(6). (ECF No. 13.)[4]

## II. LEGAL STANDARD

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quotations and citations omitted). While Federal Rule of Civil Procedure 8(a) does not require that a complaint contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Thus, to survive a Rule 12(b)(6) motion to dismiss, the complaint must contain sufficient factual allegations to raise a plaintiff's right to relief above the speculative level, so that a claim "is plausible on its face." *Id.* at 570; *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To determine whether a plaintiff has met the facial plausibility standard under *Twombly* and *Iqbal*, courts within this Circuit apply a three-step test. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "outline the elements a plaintiff must plead to state a claim for relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012). Next, the court "peel[s] away those allegations that are no more than conclusions and thus not entitled to the assumption of truth." *Id.* Finally, where "there are well-pleaded factual allegations, a court should assume their

---

[2] The ALJ did not decide Plaintiff Hatikvah's motion for reimbursement from Defendant East Brunswick for all costs related to H.K.'s Laurel School placement. (*Id.* ¶¶ 23, 24.)
[3] Parents are named herein as indispensable parties pursuant to Rule 19 of the Federal Rules of Civil Procedure. (Compl. ¶ 10.)
[4] Plaintiff and Cross-Defendant Hatikvah submitted a letter brief in support of Parents' crossclaim and arguing that the Court should deny the instant motion to dismiss. (ECF No. 15.)

veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

## III. DISCUSSION

The main issue for decision is whether Parents constitute "prevailing parties" within the meaning of 20 U.S.C. § 1415(i)(3)(B), such that they are entitled to attorney's fees and costs incurred in connection with the administrative and litigation actions and proceedings.

### A. *"Prevailing Party" Standard*

The IDEA provides that "[i]n any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees . . . to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i)(I). A prevailing party must succeed on "any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Wheeler by Wheeler v. Towanda Area Sch. Dist.*, 950 F.2d 128, 131 (3d Cir. 1991) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

To determine whether a party is a "prevailing party," courts apply a two-part test: (1) whether plaintiffs achieved relief and (2) whether there is a causal connection between the litigation and the relief from the defendant. *Id.* (citing *Institutionalized Juveniles v. Secretary of Pub. Welfare*, 758 F.2d 897, 910 (3d Cir. 1985)). "The application of this test is left to the district court's discretion." *P.G. v. Brick Tp. Bd. Of Educ.*, 124 F. Supp. 2d 251, 259 (citing *D.B. v. Ocean Twp. Bd. of Educ.*, 985 F. Supp. 457, 541 (D.N.J. 1997), *aff'd*, 159 F.3d 1350 (3d Cir. 1998).

The first prong of the prevailing party test asks whether a plaintiff achieved relief on any of his or her claims. *Wheeler*, 950 F.2d at 131. This involves a "commonsense comparison between the relief sought and obtained." *Id.* Such comparison is to be assessed liberally: "as long as a plaintiff achieves some of the benefit sought in a lawsuit, even though the plaintiff does not ultimately succeed in securing a favorable judgment, the plaintiff can be considered the prevailing party for purposes of a fee award." *Id.* at 131–32 (citing *NAACP v. Wilmington Medical Ctr., Inc.*, 689 F.2d 1161, 1166 (3d Cir. 1982)); *see also P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 856 (3d Cir. 2006) ("Regardless of how substantial their success, if plaintiffs succeeded on a significant issue they are entitled to prevailing party status.").

The second prong of the test requires that there be a causal link between the litigation and the relief obtained by the plaintiff. *J.C. by J.C. v. Mendham Tp. Bd. Of Educ.*, 829 F. Supp. 2d 214, 219 (D.N.J. 1998). "Litigation is causally related to the relief obtained if it was a material contributing factor in bringing about the events that resulted in obtaining the desired relief." *Wheeler*, 950 F.2d at 132. In assessing this prong, district courts are to apply the most expansive definition of causation. *P.G.*, 124 F. Supp. 2d at 260 (citations omitted). For instance, litigation can be considered a material contributing factor if it "changes the legal relationship between itself and the defendant." *Texas State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989). A party achieves a "material alteration" of the parties' legal relationship and "prevail[s]" for attorneys' fees purposes only if he obtains relief that is "in some way merit[s]-based." *M.R. v. Ridley Sch. Dist.*, 868 F.3d 218, 224 (3d Cir. 2017) (citations omitted).

### B. *"Prevailing Party" Analysis*

Here, Defendant East Brunswick argues that Parents are not the prevailing party pursuant to 20 U.S.C. § 1415(i)(3)(B) because H.K.'s rights under the IDEA were never at issue in the underlying proceedings. (Def. Br. at 7.) Defendant asserts that at all times during the underlying proceedings, all parties agreed that H.K. should remain at the Laurel School while Defendant East Brunswick's due process petition was pending. (Def. Br. at 5.) Thus, Defendant argues, that the only dispute in the initial administrative proceedings and subsequent appeals to this Court and the Third Circuit was whether Hatikvah or East Brunswick should bear the cost of H.K.'s pendent placement. (Def. Br. at 6.) Defendant's arguments are unpersuasive.

Parents have plead sufficient facts as to the first prong of the prevailing party test. By filing their initial due process petition challenging the Bridge Proposal and their motion for emergent relief in response to Defendant's due process petition, Parents sought the following relief: (1) H.K.'s placement at the Laurel School and (2) for placement costs to be funded by Hatikvah or East Brunswick. Through the Settlement and the Orders, each affirming H.K.'s placement at the Laurel School and other remedies, Parents have achieved relief on their claims.

The Court finds that Parents have plead sufficient facts establishing a causal connection between the administrative and litigation proceedings and the relief obtained. Defendant did not voluntarily accede to Parents' request for H.K. to remain at the Laurel School and other remedies. Indeed, Defendant filed a due process petition challenging the Laurel School placement set forth in the Settlement. Parents only achieved their desired relief after successfully contesting Defendant's challenge and after the ALJ issued her final decision dismissing Defendant's due process petition.

Defendant points to the fact that its due process petition was filed in response to the legally binding settlement agreement between Parents and Hatikvah that implemented the IEP placing H.K. at the Laurel School. (Def. Br. at 6–7.) The Settlement, it argues, only entitles H.K.'s parents to "prevailing party" status over Hatikvah, not Defendant, a non-party to the Settlement. Even if the Settlement was not against Defendant, regardless, the Orders, and the relief they granted in favor of Parents, were against Defendant. The February 6, 2020 Order ruling on Parents' motion for emergent relief was issued in Parents' favor by affirming H.K.'s stay-put placement at the Laurel School and requiring Hatikvah and East Brunswick to bear the pendency costs of placement. (Crossclaim Compl. ¶ 15.) The Third Circuit has held that, when discussing reimbursements related to a temporary "stay put" educational placement, as is the case in the February 6, 2020 Order, such retrospective and compensatory relief can ground a fee award. *M.R. v. Ridley Sch. Dist.*, 868 F.3d 218, 228 (3d Cir. 2017). The June 4, 2021 Order, in affirming H.K.'s placement at the Laurel School and rejecting placement in any program offered by Defendant,(Crossclaim Compl. ¶¶ 18, 23), further materially altered Parents' legal relationship with Defendant. *See, e.g., P.N.*, 442 F.3d at 856.

Accordingly, the Court finds that Parents have stated a viable claim to recover attorneys' fees under § 1415(i)(3)(B). While there may be a dispute as to whether Parents were "prevailing parties" during all phases of this litigation and related administrative proceedings, it cannot be said that

they have no "prevailing party" status over Defendant with respect to any action or proceeding such that dismissal is warranted at this stage.[5]

## IV. CONCLUSION

For these reasons, Defendant's Motion to Dismiss is **DENIED**.

/s/ *Georgette Castner*
Georgette Castner
U.S. District Judge

---

[5] I note that before a court may grant attorneys' fees under § 1415(i)(3)(B), some investigation into the merits of the case must be made. *J.C.*, 29 F. Supp. 2d at 221.